UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SQWIN SA | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-1040-SDJ |
| | § | |
| WALMART, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Walmart Inc.'s Rule 12(b)(6) Motion to Dismiss. (Dkt. #11). The Court held a hearing on the motion. (Dkt. #21, #23). Having considered the motion, applicable law, briefing by the parties, and argument presented at the hearing, the Court concludes that the motion should be **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

In this patent infringement case, SQWIN SA ("SQWIN") has filed suit against Walmart, Inc. ("Walmart") alleging direct, indirect, and willful infringement of three of its patents—Patent Nos. 10,043,176 ("the '176 patent"), 10,621,572 ("the '572 patent"), and 11,195,168 ("the '168 patent"). These patents belong to the same patent family and are entitled "Online Transaction System." Broadly speaking, they cover an invention related to conducting online transactions in which consumers purchase items by using a "unique digital code" that connects them to the vendor's network.

### II. LEGAL STANDARD

Rule 12(b)(6) allows a party to move for dismissal of a complaint when the plaintiff has failed to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, "[t]he court's review is limited to

1

the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Under Federal Rule of Civil Procedure 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a plaintiff is not required to establish a favorable probability that the defendant is liable, the plausibility standard demands "more than a sheer possibility." *Id.*

In assessing a motion to dismiss under Rule 12(b)(6), the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). Legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. To determine whether the plaintiff has pled enough to cross the line "from conceivable to plausible," a court draws on its own "judicial experience and common sense." *Id.* at 679–80 (quotations omitted). This threshold is surpassed if the

court determines that the plaintiff pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

Walmart's motion to dismiss raises two challenges to SQWIN's complaint—the first to SQWIN's direct infringement claims concerning the '176 patent, and the second to SQWIN's indirect and willful infringement claims as against each of the asserted patents. As to the former, the core dispute between the parties is whether "wireless network," "network," and "WLAN" (Wireless Local Area Network)—as those terms are referenced throughout the '176 patent—are synonymous with "WiFi." Because the Court concludes that it is premature to answer such questions before claim construction has occurred, the Court denies Walmart's motion to dismiss as it relates to SQWIN's direct infringement claims of the '176 patent. And as to the latter, the Court grants without prejudice the motion to dismiss as to SQWIN's claims of indirect and willful infringement, as both fall far short of the governing pleading standard.

**A. Direct Infringement**

First, the Court addresses Walmart's motion to dismiss SQWIN's direct infringement claims. To state a claim of direct infringement, the plaintiff need only give the defendant "fair notice" of the infringement claim and "the grounds upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007)); *see also In re Bill of Lading Transmission & Processing*

3

*Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012). "Fair notice," in turn, requires the plaintiff to plausibly allege that the accused products meet "each and every element of at least one claim" of the asserted patent. *Disc Disease*, 888 F.3d at 1260; *Bill of Lading*, 681 F.3d at 1342; *see also Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-CV-1955, 2016 WL 3542430, at *4 (E.D. Tex. Jun. 28, 2016) (holding that because the plaintiff failed to plausibly allege one element of a patent claim, its "direct infringement pleadings [were] constructed upon a fatally flawed foundation").

At oral argument, Walmart acknowledged that its dismissal motion regarding SQWIN's allegations of direct infringement relates only to the '176 patent. And as it relates to the '176 patent, Walmart's dismissal motion boils down to its contention that "SQWIN's infringement theory rests on an implausible construction of 'wireless network' to broadly cover networks beyond WiFi." (Dkt. #17 at 2). But the Court is not convinced, at this juncture, that as a matter of law Walmart's proffered construction is the only plausible reading of the '176 patent. Indeed, Walmart asks the Court to venture into a premature claim construction to conclude that "wireless network," "network," "WiFi," and "WLAN" are synonymous terms to the extent that they are used throughout the '176 patent. Neither the language of the patent nor the Court's understanding of the terms at issue supports Walmart's dismissal theory at this stage of the case.

At the outset, the Court notes that the '176 patent does not define the terms "wireless network," "network," "WiFi," and "WLAN" in its specifications. Instead, Walmart points to several preferred embodiments in the '176 patent in which "WiFi"

4

is used synonymously with "wireless network," "network," and "WLAN." (Dkt. #11 at 7–8) (arguing that these terms are used "interchangeably" in the '176 patent). But it is blackletter law that "it is improper to read a limitation from the specification into the claims." *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 904 (Fed. Cir. 2004). Thus, the Court will not assume that these undefined terms, as they are used in the preferred embodiments, necessarily limit their scope.

Further, the Court is unconvinced that "wireless network" cannot encompass a broader meaning than "WiFi." *Compare Negotiated Data Sols., LLC v. Dell, Inc.*, 596 F.Supp.2d 949, 968 (E.D. Tex. 2009) (defining "network" as "an interconnected set of devices which communicate with each other"), *and MyMail, Ltd. v. Am. Online, Inc.*, No. 6:04-CV-189, 2005 WL 6225308, at *7 (E.D. Tex. June 3, 2005) (defining "network" as a "system of interconnected computers that have the ability to communicate"), *with WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1261 (Fed. Cir. 2010) (referring to "WLAN" as a "wireless communication method"). Accordingly, the Court denies Walmart's motion to dismiss SQWIN's direct infringement claims regarding the '176 patent and will withhold judgment on the construction of such terms until after the *Markman* hearing.[1]

---

[1] The Court notes Walmart's reliance on *Ottah v. Fiat Chrysler* for the proposition that an implausible claim construction can sometimes serve as the foundation for a court's order granting a motion to dismiss. 884 F.3d 1135, 1141–42 (Fed. Cir. 2018). However, *Ottah* is readily distinguishable from the instant case. There, a plaintiff sought to construe "book holder" as encompassing a device that could hold a camera, even though "the record negate[d] access to equivalency of cameras and books." *Id.* at 1141. Here, for all the reasons described *supra*, there is no such readily evident bar on the face of the '176 patent foreclosing the plausibility of any number of claim constructions concerning the disputed terms. Therefore, a Rule 12(b)(6) dismissal is not proper.

**B. Indirect Infringement and Willful Infringement**

Next, the Court turns to Walmart's motion to dismiss SQWIN's indirect infringement and willful infringement allegations. There are two types of indirect infringement—induced infringement and contributory infringement. 35 U.S.C. § 271(b), (c). Both types of indirect infringement include a "knowledge of the patent" element—whether it be pre-suit or post-suit knowledge. *Unwired Planet, LLC v. Apple Inc.*, 829 F.3d 1353, 1364 (Fed. Cir. 2016) ("Apple is correct that indirect infringement requires knowledge of the underlying direct infringement—not merely the knowledge of the existence of the patent.").

To succeed on a claim for induced infringement, the patentee must show that the accused infringer (1) knowingly induced direct infringement and (2) possessed "specific intent" to induce that infringement. *See MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005); *see also* 35 U.S.C. § 271(b) ("Whoever actively induces infringement of a patent shall be liable as an infringer."). Unlike induced infringement, contributory infringement requires "only proof of a defendant's *knowledge*, not *intent*, that his activity cause[d] infringement." *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990); *see also* 35 U.S.C. § 271(c) (defining contributory infringement). To prove willful infringement, a patentee must establish that the infringer's conduct was "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04, 136 S.Ct. 1923, 195 L.Ed.2d 278 (2016).

Here, SQWIN conceded at oral argument—and the Court agrees—that its complaint does not allege sufficient facts to support a claim of indirect or willful infringement of any of its patents. In fact, as to its indirect infringement claim, SQWIN does not even identify whether it is advancing an induced or contributory infringement theory, or both. Instead, SQWIN's complaint merely concludes, without any asserted factual basis, that Walmart is "indirectly infringing" its patents. *See* (Dkt. #1 ¶¶ 33, 41, 49). SQWIN's willful infringement theory is equally threadbare, with no factual predicate to support this claim. *See* (Dkt. #1 ¶¶ 36, 44, 52). Indeed, SQWIN has admitted as much. *See* (Dkt. #16 at 16) ("Detailed evidence of Walmart's knowledge and subjective intent, pre-suit knowledge, as well as other activity that may support willfulness is likely known only to Walmart.").

In short, because SQWIN's complaint provides no factual basis whatsoever to support its claims of indirect or willful infringement, these claims fall far short of *Twombly*'s "fair notice" pleading requirements. Accordingly, the Court will grant the motion to dismiss these claims. However, the dismissal will be without prejudice, allowing SQWIN the opportunity to replead its indirect and willful infringement claims, assuming it can allege a factual basis for these theories.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Walmart Inc.'s Rule 12(b)(6) Motion to Dismiss, (Dkt. #11), is **DENIED** with respect to SQWIN's direct infringement claim concerning the '176 patent and is **GRANTED without prejudice** with respect to SQWIN's indirect infringement and willful infringement claims.

Accordingly, SQWIN's indirect infringement and willful infringement claims are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**So ORDERED and SIGNED this 28th day of June, 2023.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE